4, 5, 8, and 15, 1, 5, 1, 5, Kimberly-DeCambre v. Brookline Housing Authority, et al. Mr. Egan? I'm sorry, Mr., is it Larrabee? Yes, it is so. May it please the Court, Your Honor, my name is Whitfield Larrabee, and I represent the appellant, Kimberly-DeCambre. The first rule that I would want the Court to apply in this case is a rather simple rule. It's a rule that was found by the lower court as well. And that is that the Brookline Housing Authority cannot include the purchase price of an automobile in a participant's income, a participant of the Housing Choice Voucher Program, that is when the automobile is owned by an irrevocable trust. And this is the two, there's more than one or two provisions, but the two primary provisions that I rely on are 24 United States Code 5.603B2, which is in the definition section dealing with the calculation of income, and 5.609A, which is in the section that defines what constitutes annual income. You're saying the trust just exchanged one asset for another and the assets never left the trust? Absolutely, yes. So can the trust, any asset, and then make it available for actual use by the beneficiary of the trust and it still does not count? My position on that is this is just taking the automobile, which is what we're dealing with. What I had said in the lower court and I had said here, in theory, there's other reasons why it doesn't count, first of all. But let's just imagine, let's posit for the section that there is something that is given to the person. What's given to the person is not the purchase price of the automobile. What's given to the person is the use of the automobile. In this case, they attributed the entire purchase price of automobiles to her. So your position would be they should have attributed as income the depreciation of the auto for her using it? I'm not exactly sure. There was no evidence of that, so they shouldn't have counted anything because we had a hearing, there was evidence that was done, and there was no evidence as to what the value of using it is. But if we set this back on this issue, as the district court seemed to want to do, but let's assume that's the case, what sort of proof would they need to bring forth? Is it, as Judge Tejada just said, depreciation, or is it the value of the ride, figuring out what Uber would charge to go a certain distance, that sort of thing, or a cab, or if you were using the ride? I would say maybe it might be what would it cost you to lease a car for this period of time, since the lease really deals with using the car. So yeah, it's conceivable that they could have someone come in, offer some testimonies for what the value of a lease of a car is for this period of time, and I think that would probably roughly equate with the depreciation value. But I think the value of the lease of a car would probably be, since it's over a period of time, I think that would be the most appropriate measure. Can I understand what kind of claim this is, this procedurally? Is this a mass APA claim? It is a claim. We included everything. No, I said this particular one. This particular claim, it's under the Administrative Procedures Act. Of Massachusetts? Yes, there's two, actually, and I think the most appropriate one is there's Chapter 38, and then there's another one that is the Certiorari Statute, which I think is 246, Section 4. And so when the housing authority makes a ruling that's erroneous, what's the procedure for this type of claim? So under the federal APA, if an agency made an unreasoned decision, we would say it's an unreasoned decision, and we'd send it back and say you have to reason it. We wouldn't purport to define the standard for them, because presumably there's a range of choices as to what the agency could select as to what the right value to attribute is. It just can't be zero. So what do you want us to do on remand in terms of what it means to remand to the housing authority? One is the remand, they definitely need to recalculate the rent appropriately, which they did not do. But I'm not only here for that purpose. There's also a problem that they have put Mrs. DeCambre through a very difficult, arduous circumstance by violating her rights, and we're also bringing this claim for review under federal civil rights. No, no, I understand, but I'm just trying to first this particular claim, if we remand for a recalculation of the, because of the car, they got the car wrong, and then you say the same thing, they got the cat's issue wrong, and I forget, but the third one that, it was also remand. What does that remand, what does it look like to remand to the Brookline Housing Authority? To do what? What is the legal error? Was it an arbitrary and capricious decision? Is that what you're saying? I'm just not following exactly how to characterize what the legal error is and then how it could be redressed on remand. Well, first, it would be, we haven't, we've tried to deal with them over a long period of time, so I would hope that this isn't just dealt with remand, because we need injunctive relief as well. We've set a stone wall with this organization, and under the National Tower decision, it's like once you get to this point where we have to make a federal case out of it, pursue it up to the appellate court, we don't think that it's an adequate remedy, just a remedy. We need a remedy in the court system, because we're not able to get it out of this agency. It's been a very obstinate and neglectful agency, and under the National Tower decision, it's like once it gets to this point, that's in my brief at page 31 of my reply brief, once it gets to this point, it's like, and that case is a zoning decision case, but it's like, geez, you had to go all the way to the federal court here to sort of challenge the zoning decision. We're not going to throw you back to the zoning board. We're just going to say, give them the thing. Give them what they were asking for. For them to – Is National Tower a due process case? It's more of an administrative procedure case, in my judgment.  Does it potentially end up in the U.S. Court of Appeals? In other words, suppose you had a dispute over they used depreciation and you said they should have leased, used the leasing price. Does that come back up to us? Because it's a federal program, I don't see any barrier to that occurring. I'll give you an example. Some of these, if you look at Wright versus Roanoke or you look at the housing authority of Johnson versus the housing authority of the one in the Johnson decision, those two cases involved utility allowances, which are relatively small amounts of money. Yet in both instances the court said, yes, we want people's rent. But those are Section 1983 claims. I thought you were telling us that you're bringing a mass law challenge to the Brookline Housing Authority, which I assume is here because it's pendant to your federal claims. Yes. Okay, so all Brookline Housing Authority decisions are subject to judicial review under mass law as agency decisions. They only come to federal court if they happen to be pendant or if they can be reframed as a Section 1983 claim. Yes. And even if this can't be reframed as a Section 1983 claim, maybe it can. In this case, we still have it because it's pendant to the federal claims and we have to review the state APA claim. Yes, yes. Okay, so under mass law, do we have any guidance as to what mass law looks like as to how we're supposed to review that Brookline Housing Authority decision? Yes. Well, there's two sections, and I think the problem with mass law is there's been a variety of decisions, and it isn't absolutely definitive whether these are reviewed under 30A or under the certiorari statute for Massachusetts. And the certiorari statute is a little bit vague because it says we're going to assess this based on the – we're going to assess this based on the – we're going to assess this based on the – sort of it has a sliding scale depending on the way it was before the court. But looking at the other cases that have been evaluated under Chapter 38, because that's what the lower court had evaluated it on, there's a very specific section where it says for error of law, abuse of discretion, and it lays it out very similar to the Federal Administrative Procedures Act and standard under Massachusetts General Laws Chapter 38. And so that is a – And that governs even though we're under a federal program? Yes, I think the Massachusetts court can review it, although they certainly cannot in the context, for example, of our discrimination claims. I don't think that it would give you greater protections than you might otherwise have whether you were being administered by a federal court. So I think the state can exceed it. Are we reviewing the income question under federal or state law? Both. So is that the threshold question that we have to decide? Yes. Under the civil rights and – So their argument is that once the money is in the trust, then any distribution from it pretty much, with a few exceptions, is income. Yes. And has to be calculated in determining whether the person is entitled to a subsidy. Yes. And the subsidy, of course, varies based on what your income is. Yes. So you argued below that there were several things which should not have been considered income. Yes. The car because it's owned by the trust, the cat medical care because it was required for her peace of mind that the cats be available to her for her own psychiatric or whatever reasons. And I assume that you argued that below. Yes. And the housing authority didn't, in the first instance, didn't give you any help in that area, nor did the court except the court after finding for the housing authority said they ought to reconsider these things. How do we deal with that? Make them reconsider. For one thing, I think that was an appropriate order of the court, and I think it's inappropriate for the – I don't think that a matter of reconsideration is even a matter that this court has subject matter for appeal. I think I've got serious questions about that, so I don't know why they're appealing that. But it goes to show you that – But if they can't appeal that, then you might not be able to appeal your judgment. We might not have a final judgment, is what you're saying. No, because an order of reconsideration is not final, whereas my judgments are absolutely 100 percent – But there's one action. There's one action, okay. And you're telling us this action is not complete? It certainly is complete for me. We have not been able to get any red sucker at all because they refused to do that, so that is unfortunate. Don't we have to essentially disregard the remand as ultra varies in order to preserve your appeal? What had happened, unfortunately, was that the lower court had actually ruled – there's a question. There's a contradiction in the lower court's ruling because they ruled against us on all – every single consonant in our complaint ruled for the defendants. So whether the defendants really at this point have – there seems to be a contradiction, which is – I'm certainly having a difficult time reconciling what the lower court did. If I could address the issue – Just so I – I thought the lower court ruled that on the income question, you lose. The general question of how we treat the distributions or the disbursements from the trust. They – he – district court holds you lose on that question. But I thought on the subsidiary questions of are all the disbursements properly chargeable as income, it was saying that the Planned Housing Authority got some of those wrong with respect to the cats and the automobile, et cetera, and therefore it should reconsider them. So what's – what's hard to reconcile about that? Because it said that at the same time as you look at the judgment that was entered as the case was pending on appeal, it ruled that the defendants were judgment when in favor of the defendants on every count, including the administrative procedures appeal. So I think that's a little – But isn't – maybe I just misunderstood what it was doing. But since you're saying that all of the counts, all of the issues about what counted as income, both the big ticket item and the subsidiary ones, were brought both under state and federal law, I had thought the district court, since it clearly was remanding, was simply ordering that as to the state and federal law claims, you lose on all of them except for the subsidiary ones, which were remanding. But you don't think the judgment can be read that way? It was very explicit that every single count went against the defendants. So I'm not sure that – it sort of seems uncontradictory. And so that's all I can say. That's not the extent of my knowledge on that. There is the important thing, I think, about the case, which is that the – Can I just ask – assume you're – so the judgment is just contradictory, so all we have is you lost on everything. Yes. What are we – what do you want us to then do? I want you to – well, I believe that on the factual record that it's absolutely clear that, first, the judge shouldn't have done an extradition investigation to reach its conclusion. Secondly, we established on the record that we should have won on our disability discrimination claims and on our federal civil rights claims, and we'd like judgment in favor of the plaintiffs and injunctive relief. This is a woman that's been going on for more than two years without the subsidy, which federal law says that she's entitled to. And I think that it needs a remedy from the federal court to correct it. And we shouldn't be left to the mercy of a recalcitrant agency that hasn't helped us in any way in the past. And particularly with regard to the reasonable accommodation, they begged us to give them information. We gave them the information that they required, and then they had the audacity to say, we're not even going to consider it anyway, even though you've given us the information that definitively establishes that you really need these reasonable accommodations. Thank you, Mr. Laramie. Thank you. Mr. Egan. Thank you, Your Honor. John Egan for the Brookline Housing Authority with me as Amy McCallum. May it please the Court. The Brookline Housing Authority's decision to include over $60,000 in disbursements and distributions from a special needs trust in calculating her annual income for Section 8 eligibility purposes was a fair and reasonable and commonsensical reading of the regulations that apply to the determination of annual income. Explain to me, when she got this money and she put it in the trust, that doesn't affect her eligibility, as I understand it, for subsidies for her housing, correct? It does not. So if the money had never been spent, that would not have affected her subsidy. Is that correct? Correct. Okay. So then the question is, is the Brookline Housing Authority correct in its determination that all of these distributions are income, although they're not income in the classic sense? I assume the trust earned no particular income, given the way the world is working currently when government bonds you buy them for a minus. So is it the question whether you have calculated what is income correctly? Correct. Yes. Initially, that's the first question we all have to resolve, is whether they properly considered distributions from this trust to be income, annual income, as that term is defined in the regulations. Here's what I think is the real crux of this case, and I think to some extent the presence of the special needs trust creates a bit of a distraction, because ultimately our position is that it doesn't matter whether this money is spent by or on behalf of Ms. DeCambry out of a distribution from a trust or, as we've said in some of the papers and as Judge Young mentioned in his decision, whether she had simply placed this lump sum of money under her mattress or in a cookie jar and spent it that way. It doesn't matter. The real issue is whether money that's received in the first instance as a lump sum addition to family assets, whether it's a workers' comp award, whether it's an inheritance, that's an example that's specific in the statute, whether it's a personal injury settlement, a capital gain, it doesn't matter. If it's received in the first instance as a lump sum addition to family assets, does that mean that that money is excluded from being included in the calculation of annual income in the year that it's received as the lump sum, or is it excluded forever? And it's their position that lump sum additions to family assets are excluded from the annual income calculation forever. Our position is that that's an unreasonable reading of the regulation for this reason. Well, if it's excluded forever, I'm a little confused. Let's assume that the money isn't spent. It just remains there. What position would you take then? Our position is that as long as it remains there and it's not being distributed to her benefit, then it's not income. It's not income. It's also not an asset. I don't understand how that – so if it's in the pile by her bed, it becomes income when she spends it? Correct. But your argument doesn't depend on that. We could – just reading the reg, I had thought we could decide this, that there's a reg that seems to say money coming out of the trust to her, she doesn't control that trust, so it's money like a friend gives you. Any money, we just look at that and we call it income if it meets the income definition. Then you go to the income definition, there's nothing that suggests money coming from a trust is not income. So that's the end of the story. We don't have to decide per se that a lump sum settlement, if never put in the trust in year two when spent, can become income. Or do you think that the only way that the Brookline Housing Authority's position is reasonable is if we buy that first premise? It's only because it's their position that once a lump sum, always a lump sum. But I'm saying suppose they're right on that, can you still win? We can still win in the sense that – well, let me back up. If they're actually right about that, that a lump sum addition to family assets is forever excluded from ever being included in the income calculation, no matter when the money is spent, no matter how much it's spent, no matter what it is spent for, then we lose the case. Why? I don't understand that. I thought under the reg, you look at disbursements from the trust and you're supposed to decide that money coming out of the trust, if it meets the income definition, that money, whatever was the source of the trust. And here I thought your position was that money does meet the income. It's not a lump sum. It's not a settlement, et cetera. So why do we have to address this larger question about how lump sums not put in a nonrevocable trust would be treated in out years or if spent? Because it's our position that it's excluded from the calculation of annual income only in the year that it's received as a lump sum addition. That's true, but here we're dealing with a disbursement from a nonrevocable trust. Correct. So why do we care about that initial issue? Just as a text of the rule, it seems to say money coming out of the trust. I only care about it because I'm forced to by their position, which is that I don't even get to try to define whether it's income or excluded from income. It is never income. In the first instance, if the trust is funded by a lump sum settlement, again, according to their reading of the regulations, it is not income, ever. If they're right, then she can spend the entire lump sum at any time for any purpose in any amount, which is what I suggest in our brief is an absurd result. She could literally have inherited a million dollars, put that money anywhere, in a bank account, under the mattress, in a special needs trust, and she could have spent it on anything at any time in any amount. And by their reading of the regulations, Brookline Housing Authority would not be able to include any of those expenditures in her annual income calculation, ever. Isn't that inherent, though, in having this system that excludes assets from the income test? The reason why... I was kind of surprised reading this, but I could go, if I had no income and meet the regs, even if I have $200 million sitting in bearer bonds... Well, if you had $200 million in bearer bonds, the regulations... With no interest. Do impute some income to assets in excess of... Well, suppose we were in a zero income, zero or deflationary economy. You know, it's only the earnings that you look at. So if you're going to have that system that sets aside the assets and doesn't force people to spend assets as a condition of qualifying, then why, when the assets are liquidated or changed into another asset, would it make any difference? Well, I think it might make a difference. If the assets were liquidated and the participant in the program took a distribution of some of those assets and used them to pay living expenses, it thereby increased essentially her disposable income, her standard of living. Then, according to HUD, in the advisory letter that's part of the record, all income that is not explicitly excluded elsewhere in Section 5.609 is considered to be available for housing. As I understand, on the special needs trust, the way I see you looking at it, and correct me if I'm wrong, is that once something goes into that and stays into it, it's invisible to you, in effect. Invisible to the housing authority, correct. But once it comes out of it, you then treat it like it would have been had it not gone into it. If it's earnings that have been paid off, it's income right away. If it's just the assets that have come out of it, you treat them like lump sum assets, and hence that gets you to your position that lump sum assets outside of a trust would, after year one, start being counted if someone pulled them out. Correct. Can I ask another question? Please. In the year in which the money goes into the trust, if the trustee distributed all of it, let's assume it was $50,000, to buy me an expensive car, would that be income in that year? No, it would not. So you give a year of grace to spend whatever money you put into that trust. Effectively, yes. And after that, it becomes income. Effectively, I think that's the way it would work, yes. And I think the reason why it works the way it does, and I'm not pretending this to be a perfect system, if we had to design it from the ground up with a clean slate. The reason why lump sum additions to family assets are not included in the calculation of annual income, and Ms. DeCamper is actually a very good example of this, the folks who are involved in this housing assistance program are typically very low income. It's intended to benefit low-income people. Ms. DeCamper's income was typically in the high 4 to very low 5-figure range. In 2010, she comes into a personal injury settlement worth several hundred thousand dollars. If that money were considered to be annual income to her in 2010, she would be off the charts. She wouldn't qualify for the program anymore, and she'd be back at the end of the wait list for the next following year. I've got a couple of questions. Is this one two-year treatment of lump sum settlements when they become income? Is that written down? Yes. In your own regs or those HUD regs? Well, they're HUD regs. HUD regs that say after a year it becomes income? No. Right. So here's what I just don't fully understand. The trust here she has no control over. Correct. So it could be as if it was someone else's money comes to a trust. She doesn't even know the trust exists. The reg is clear that if money comes from such a trust to her, it counts as income. It does. Why is this any different? Put aside the issue of what a lump sum settlement is or anything like that. This is a trust over which she has no control, which is dispersing money to her. The HUD reg seems to say we treat that as income, and then we go to the income reg, and the income reg doesn't include an exclusion here. So what's the problem? Maybe there's a problem with it, but I'm trying to figure out what it is because that seems to me a much more direct route. Maybe it's not the Brooklyn Housing Authority's understanding of how the reg works. It's our understanding of how it should work. The reason why it's gotten complicated is because we have to leapfrog the lump sum addition to family assets issue first because they're the ones who've raised it. Forget that. Maybe they're wrong. So what's wrong with this way of understanding what's going on? Nothing. Once the money is in the trust, it's money that gets and distributions are taken from the trust. That money is treated the same as any other source of income, whether it's earnings, whether it's money from a bank account. Whatever goes to the benefit of the participant is income. And the only issue then becomes is there an explicit exclusion? And with respect to that disbursement, the argument would be no. Or maybe yes with respect to the car and the cats, et cetera. And, in fact, there were roughly $9,000 of exclusions that were credited to her in 2013, I think, is the year we're talking about, precisely for medical expenses because that's an explicit exclusion in the statute. So if the trustee had been very cautious in the distributions, it might have affected the amount of her subsidy if the distributions were considered to be income. Yes. But it would not have tossed her out of the program. It would not have. And to a large extent, I think my brother has overstated the severity of the consequence to his client here. We have never taken the position that establishing a special needs trust has the effect of automatically getting her out of the program. She can spend money out of that trust however she sees fit. But to the extent that those expenditures are not explicitly excluded by the statute, they're included in income, and in a low-income program like this, it's appropriate for the housing authority to count them. Do the regulations say that having access to a car is a form of income? They do not. The regulations say only annual income means all amounts, monetary or not, which go to or on behalf of the family head. I would suggest that's a broad enough. Okay, so if she uses the ride, obviously, which is a subsidized program, that's okay because it doesn't come. What if she paid for the ride out of that trust? Would those payments qualify as income? I think they would. They would. I don't know why they would not. It would come to her and it's not excluded. Go ahead. The regs, I don't know of any reg that says if you distribute the assets out of the trust, their income. There is a reg that says you put the money in the special needs trust, presumably most of them, although apparently not this one, earn income. That income is not charged to her. But if the trust pays the income out to her, then it is charged to her as her income. Correct. When a trust has no income, you put $100,000 in, a year later there's still $100,000 there. When that's distributed out to her, that is treated, as I understand it, as if she just acquired a lump sum asset. I would say probably not. It would be a lump sum asset when the trust was first funded for that money. So you would treat it as an aged lump sum asset? Maybe. But if it was all received five years later as a lump sum distribution to her, I think at that point it is not excluded. Why is that treated differently than any other lump sum asset? Because the reason why the lump sum addition to family assets is excluded from income in the year it's received is to avoid the spiking effect of somebody who has $10,000 of annual income. You'd have the same spiking effect here. She gets $10,000 a year. $100,000 comes into a special needs fund. She can't touch it. Two years later that's all distributed to her. If you count it as income, you've got the exact spiking thing that you talked about. You might be right, Your Honor. It's not this case, but that would be, I guess, a better hypothetical. But if that's true, then that would be equally true if it's a smaller distribution. No, it should not. Well, it's still – a lump sum isn't defined by how big it is. It's how lumpy it is. So the fact that it comes would be enough, right? Correct, but the risk to the participant of including a lump sum addition to family assets is that it will have the effect of making them income-ineligible. That's her argument here. What she's getting from that trust is making her ineligible. She's worried about that, right? It is. I mean, that's her argument. It has made her ineligible. Does she lose her place in her apartment because of the fact that she's not eligible for a subsidy? In other words, in that one year where you have this spike effect and she's no longer eligible for a subsidy, does she get evicted? What happens, Your Honor, is – and this is in the Brookline Housing Authority Admin Plan, which is grafted, sort of cut and pasted from the regulations. Once a participant in the Section 8 program has effectively a zero voucher for 180 days, then they are removed from the program. So if she were to re-up, she'd have to get up the – So if that happens in one year, she's out, and then she goes to the bottom of the list to reapply again. Correct. Can you help me with just the procedural posture of this case? Do you agree that there's a MAS APA claim underlying this that we're reviewing? Is that right or wrong? That's how it was originally pled. We removed the case to federal court, so that's still in the case. And so that's the pendant state claim that we're then – I've taken the position, because I've litigated these Section 8 cases in the federal court before, that the federal subject matter of the Section 8 program is a federal question. Okay, but we're reviewing – then what are we – what is the underlying cause of action? Is it a MAS APA? I'm just trying to figure out how we're supposed to review what the Brookline Housing Authority is doing. Is that under federal law? Is that under state law? What's the standard of review? I think, ultimately, the standards are indistinguishable, whether it's reviewed under the state APA or the federal counterpart. The question is whether the underlying agency's findings of fact are based on substantial evidence. That's an equivalent standard in both state and federal court. And a state agency's findings – But the reason it matters – there's no direct cause of action under the Section 8 program. Is that right? That's correct. Okay, so if there's a claim, is there any other claim that can be brought other than a Section 1983 claim? Well, they've brought an ADA or a Chapter 1. No, no, I understand, but I'm talking – with respect to the review of the agencies, that has to be a Section 1983 claim in your – In fact, I've argued in our brief that even if this court were to conclude that both Judge Young and the Brookline Housing Authority had it all wrong with regard to how these regulations work, it still doesn't amount to a Section 1983 claim. No, I understand that. I'm wondering whether it can be anything other than a Section 1983 claim. Yes, I think it can. It can be a simple review of an administrative record. Under what law? Well, under either – as it was pled in the first instance under the Massachusetts APA or if it had been commenced in this court in the first instance under the federal case. So the federal statute allows you to bring it as a Mass. APA claim? I've seen them brought that way, yes. And just to complete my thought, the issue is whether the findings of fact are based on substantial evidence, and I would suggest they are in this case, and whether the administrative agency whose decision is being reviewed effectively on appeal in the district court is based on a correct legal standard. And in this case, Judge Young found that the findings of fact were based on substantial evidence, that the readings of the regulations engaged in by the Brookline Housing Authority were reasonable and therefore entered judgment in favor of the housing authority. And so you think his other comment that you should re-look at some of these distributions, perhaps with a different eye, is ultraviolence? I do, Your Honor, and we briefed that, and I didn't get a chance to talk about that very much here, but I do think that where every cause of action, every claim that's been pled and litigated to conclusion is resolved in favor of the defendant, as it was here. But is that the case? Because isn't he saying that on some of the medical expenses that he thinks that you applied the wrong standard and he's remanding to apply the right standard? You know, I read that and was puzzled by it because I thought I had won the case outright, and then in the last seven or eight pages, I'm reading that it sounds like Judge Young might have come to a different opinion had he been the one reviewing her administrative appeal in the first instance. But the fact is that in the earlier part of his decision, he found that our reading of the regulations was fair and reasonable and that our application of those applications to Ms. Cambry's factual circumstances was not legally erroneous. So having concluded that, that we did not violate her rights, that we did apply the regulations in a reasonable way, and keeping in mind the deference that he acknowledged to the findings of fact that were made by the Brookline Housing Authority, with respect to Judge Young, I think at that point his job was over and he had no further jurisdiction over the case. For him to remand it after having ruled in our favor on every claim that was brought against us, I think goes beyond his judicial authority, and I think we've cited a sizable body of case law to that effect. Thank you. Mr. Larrabee, we've given Mr. Egan more time than he had been allotted, so I'll let you have two additional minutes if you would like to make comment on anything that Mr. Egan has just said or questions to him. Yes, absolutely. The important issue here is this, under 24 U.S.C. 5.603B2, what it says is not that all distributions from the trust are counted, it's only income that's distributed from the trust is counted. Where is the definition of income? 5.609A. The definition says it goes to or on behalf of the family, number one, but number two, it is not excluded under Section 505.609C. Correct. You have to apply the exclusion to the distribution. In this case, we've got numerous exclusions. The sporadic income exclusion, there was a car that was purchased, it was on one date, it was one check written, it was one expense. There's the lump sum settlement exclusion. You have to apply in determining whether there's income distributed from the trust, you have to look at whether the exclusion applies. In this case, nothing was distributed from the trust but assets. And also, there's another statute that says that when you have an investment, when a trust makes an investment, we contend that it can be invested per lump sum settlement in the trust. This statute is 5.609B3. It says if you take an investment, put it in the trust, and then you just withdraw an investment from the trust, this is the statute explicitly, the withdrawal of an investment does not count as income. She invested in the trust when it was distributed on her behalf. It was withdrawn and distributed back to her. It's just a reimbursement of an investment of an asset. And so there's no asset test under this program. The Brookline Housing Authority is counting assets left and right against us. All of these distributions should have been excluded. And that's why, if you read the brief of the National Law Academy, the Special Needs Alliance, the housing organization that joined into the amicus brief, they're all up in arms about this because there's never been an asset test. And this suggestion that this only counts in the first year, that's creating an asset test, totally contradictory to the program. Thank you, Mr. Lowry. Thank you.